IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,647






EX PARTE SEAN STARK, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 20050D01364-168 IN THE 168th DISTRICT COURT


FROM EL PASO COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of tampering with
a government record and sentenced to ten years' imprisonment. Both of Applicant's appeals were
dismissed. Stark v. State, No. 08-05-00312-CR (Tex. App.-El Paso, delivered December 8, 2005,
no pet.), and Stark v. State, No. 08-06-00119-CR (Tex. App.-El Paso, delivered August 10, 2006,
no pet.). 

 Applicant contends, inter alia, that he was deprived of his right to a direct appeal due to
errors committed by the court reporter in this cause. 

 The trial court has determined that Applicant was deprived of his right to a direct appeal, in
part, because of errors committed by the court reporter in this cause. We find, therefore, that
Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction
in Cause No. 20050D01364-168 from the 168th Judicial District Court of El Paso County. 
Applicant is ordered returned to that time at which he may give a written notice of appeal so that he
may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated
as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold
that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written
notice of appeal in the trial court within 30 days after the mandate of this Court issues.


Delivered: March 21, 2007

Do Not Publish